**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 23-53233 |
|     CUSITECH, LLC, | : | Judge Tiffany Strelow Cobb |
| | : | |
|     Debtor. | : | Chapter 7 |

| | | |
|---|---|---|
| **Christal L. Caudill, Chapter 7 Trustee**, | : | |
| 4260 Tuller Road, Suite 102 | : | Adv. Pro. No. |
| Dublin, OH 43017, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     vs. | : | |
| | : | |
| **PC Infinity LLC** | : | |
| Attn: Jon Earle, President | : | |
| P.O. Box 879 | : | |
| New Lebanon, NY 12125 | : | |
| | : | |
|     Defendant. | : | |

**COMPLAINT TO (1) AVOID PREFERENTIAL TRANSFERS; (2) RECOVER
AVOIDED TRANSFERS; AND (3) DISALLOW CLAIMS**

Plaintiff Christal L. Caudill (the "Plaintiff"), the chapter 7 trustee of the bankruptcy estate

of CUSITECH, LLC (the "Debtor"), states the following for her complaint (this "Complaint")

against PC Infinity LLC (the "Defendant"):

**NATURE OF THE ACTION**

1.     The Plaintiff seeks to avoid and recover from the Defendant, or from any other

person or entity for whose benefit the transfers were made, all preferential transfers of property of

the Debtor that occurred during the Preference Period[1] pursuant to 11 U.S.C. §§ 547 and 550.

---

[1] Capitalized terms are defined below.

1

2.      In addition, the Plaintiff seeks to disallow, pursuant to 11 U.S.C. §§ 502(d) and (j), any claim that the Defendant has filed or asserted against the Debtor or that has been scheduled for the Defendant until such time as the Defendant pays to the Plaintiff the amount equal to the Preferential Transfers.

**JURISDICTION & VENUE**

3.      This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking the entry of avoidance and money judgments against the Defendant.

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Bankruptcy Rule 7008, the Plaintiff states that this adversary proceeding arises under and relates to the above-captioned case pending in the above-stated District and Division of this Court.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 and the Plaintiff's monetary claims are in excess of the amounts set forth in 28 U.S.C. § 1409(b).

6.      This matter is a core proceeding pursuant to, among other provisions, 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (F), and (O).

7.      The statutory predicates for the relief sought in this proceeding are 11 U.S.C. §§ 502, 547, and 550.

8.      Pursuant to Rule 7008, the Plaintiff consents to the entry of a final order or judgment in the event this proceeding is determined to be non-core.

9.      If it is determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, the Plaintiff consents to the Court entering final orders and judgments in this proceeding.

2

## THE PARTIES

10.     The Debtor filed a voluntary petition under chapter 7 of title 11 of the United States Code on September 19, 2023 (the "Petition Date").

11.     The Plaintiff is the duly appointed and acting chapter 7 trustee of the bankruptcy estate of the Debtor, with standing and authority to bring this proceeding, and the Plaintiff brings this action solely in her capacity as trustee.

12.     Upon information and belief, the Defendant is a business entity with its principal place of business located at the address in the case caption.

## FACTUAL BACKGROUND

13.     During the ninety (90) day period prior to the Petition Date, that is, between June 21, 2023, and September 19, 2023 (the "Preference Period"), the Debtor operated its business affairs, including the payment to creditors by checks, wire transfers, direct deposits or otherwise.

14.     Plaintiff has determined that transfer(s) of interests of the Debtor in property were made to or for the benefit of Defendant during the Preference Period aggregating an amount not less than $34,600.00 (the "Preferential Transfer" or "Preferential Transfers").

15.     Attached as Exhibit A to this Complaint is a listing of all known avoidable Preferential Transfers to the Defendant. To the extent that any transfer is dated as occurring before June 21, 2023, the Plaintiff, upon information and belief, believes that the transfer was not processed or did not clear until after the Preference Period began and thus constitutes a Preferential Transfer.

16.     The Preferential Transfers occurred within the Preference Period and are avoidable by the Plaintiff as detailed in Count I below.

3

17. Prior to filing this case, the Plaintiff, in accordance with 11 U.S.C. § 547(b), conducted reasonable due diligence into the circumstances of the case to take into account any known or knowable defenses of the Defendant that would be available under 11 U.S.C. § 547(c). The Plaintiff reviewed the available records of the Debtor, which records were not fully complete. Nevertheless, the Plaintiff took reasonable care to evaluate the possible defenses here.

18. To the best of the Plaintiff's knowledge, the Defendant is not entitled to the "contemporaneous exchange" affirmative defense under 11 U.S.C. § 547(c)(1) because there was no exchange of value at the time of the Preferential Transfers.

19. To the best of the Plaintiff's knowledge, the Defendant is not entitled to the "ordinary course of business" affirmative defense under 11 U.S.C. § 547(c)(2) because, primarily, the Preferential Transfers were made outside of the ordinary course of business between the Debtor and the Defendant.

20. The defense under 11 U.S.C. § 547(c)(3) does not apply to the Preferential Transfers because the Preferential Transfers did not involve the perfection of a security interest.

21. To the best of the Plaintiff's knowledge, the Defendant did not provide any new consideration after the Preferential Transfers that would give rise to the "new value" defense under 11 U.S.C. § 547(c)(4).

22. The affirmative defense under 11 U.S.C. § 547(c)(5) does not apply to the Preferential Transfers because the Preferential Transfers did not involve the perfection of a security interest.

23. The affirmative defense under 11 U.S.C. § 547(c)(6) does not apply to the Preferential Transfers because the Preferential Transfers did not involve the perfection of a statutory lien.

24. The affirmative defense under 11 U.S.C. § 547(c)(7) does not apply to the Preferential Transfers because the Preferential Transfers are not related to a payment for a domestic support obligation.

25. The affirmative defense under 11 U.S.C. § 547(c)(8) does not apply to the Preferential Transfers because this is a business case, and that defense only applies to cases where the debts are primarily consumer debts.

26. The affirmative defense under 11 U.S.C. § 547(c)(9) does not apply to the Preferential Transfers because the Preferential Transfers are in excess of the statutory minimum for recovery, which is presently $8,575.00.

27. Accordingly, as set forth in detail below, the Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

28. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of, among other things, additional transfers made to Defendant during the Preference Period and/or additional unauthorized post-petition transfers made by Debtor to Defendant. It is Plaintiff's intention to avoid and recover all (i) voidable transfers of an interest of the Debtor in property and/or property of the estate that were made by the Debtor to or for the benefit of Defendant or any other person or entity for whose benefit such transfers were made and/or (ii) unauthorized post-petition transfers to Defendant or any other person or entity for whose benefit such transfers were made.

29. Plaintiff reserves her right to amend this original Complaint to include: (i) further information regarding the Preferential Transfers, (ii) additional transfers (including unauthorized post-petition transfers), (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, including without limitation, actions under 11

5

U.S.C. §§ 510, 542, 544, 545, 547, 548, 552 and/or 553, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this original Complaint.

### COUNT I
**Avoidance of Preferential Transfers under 11 U.S.C. § 547**

30.     The preceding allegations are incorporated by reference as if fully rewritten here.

31.     Each of the Preferential Transfers constituted a transfer of an interest in property of the Debtor.

32.     The Defendant was a creditor of the Debtor at the time of each Preferential Transfer.

33.     Each Preferential Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Preferential Transfers were for debts owed by the Debtor to the Defendant and the payment of it was for the Defendant's benefit.

34.     Each Preferential Transfer was made for, or on account of, an antecedent debt owed by the Debtor to the Defendant before the Preferential Transfers were made.

35.     Each Preferential Transfer was made while the Debtor was insolvent based upon the information contained in documents/schedules filed or provided by the Debtor in the Debtor's case or in connection with the Debtor's case.

36.     The Plaintiff is also entitled to the presumption of insolvency for the Preferential Transfers pursuant to 11 U.S.C. § 547(f).

37.     As set forth on Exhibit A, each Preferential Transfer was made within the 90-day Preference Period.

38.     As a result of each Preferential Transfer, the Defendant received more than it would have received if (i) the Debtor's case were under chapter 7 of the Bankruptcy Code, (ii) the

Preferential Transfer had not been made, and (iii) the Defendant received payment of its debt under the provisions of the Bankruptcy Code.

39.     Specifically, as evidenced by the Debtor's schedules as well as the proofs of claim that have been filed in the Debtor's case, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payment of their claims from the Debtor's bankruptcy estate. If the Preferential Transfers are not avoided, the Defendant will retain all of those funds. Defendant would be entitled only to a portion of those funds had the Preferential Transfers not occurred based on the existence of other claims against the Debtor.

40.     Accordingly, the Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### Recovery of transfers under 11 U.S.C. § 550

41.     The preceding allegations are incorporated by reference as if fully rewritten here.

42.     Defendant was the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

43.     Pursuant to 11 U.S.C. § 550, the Plaintiff is entitled to recover, for the benefit of the Debtor's bankruptcy estate, the value of any avoided transfers, including the Preferential Transfers, from the Defendant as the person or entity for whose benefit the transfers were made, or as the immediate or mediate transferee of the transfers.

44.     In addition, in any monetary judgment, the Plaintiff is entitled to an award of pre- and post-judgment interest from the date of this complaint.

## COUNT III
### Disallowance of Claim in the Chapter 7 Case pursuant to 11 U.S.C. §§ 502(d) and (j)

45.     The preceding allegations are incorporated by reference as if fully rewritten here.

46.     The Defendant is a transferee of the one or more Preferential Transfers which are avoidable under 11 U.S.C. § 547, which property or its value is recoverable under 11 U.S.C. § 550.

47.     The Defendant has not satisfied any liability for the Preferential Transfers.

48.     Pursuant to 11 U.S.C. § 502(d), any claims held by the Defendant or any assignee against the Debtor must be disallowed unless and until the Defendant pays to Plaintiff the amount of the Preferential Transfers and other obligations as described in this Complaint or any Amendments.

49.     Pursuant to 11 U.S.C. § 502(j), any and all previously allowed claims of Defendant against the Debtor or its estate, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the Preferential Transfers and other obligations as described in this Complaint or any Amendments.

## DEMAND FOR RELIEF

Based on the foregoing, the Plaintiff respectfully requests that the following relief be granted:

i.      Under Count I of the Complaint, a judgment avoiding the Preferential Transfers and any other transfers to the Defendant;

ii.     Under Count II of the Complaint, a judgment (a) permitting the recovery of any avoided transfers from the Defendant, including the direction to the Defendant to return to the Plaintiff the amount of the Preferential Transfers, and (b) for money damages against Defendant in the amount of the Preferential Transfers, together

8

with pre- and post- judgment interest at the maximum legal rate, to the extent allowed by law;

iii.     Under Count III of the Complaint, a judgment against the Defendant denying any claims against the bankruptcy estate until the Plaintiff's claims are paid;

iv.     That the Plaintiff be awarded reasonable attorneys' fees and expenses, and costs of this action to the extent permitted by law; and

v.     Any other relief the Court deems just, proper, or equitable.

Respectfully submitted,

 /s/ Andrew D. Rebholz
David M. Whittaker   (0019307)
Richard K. Stovall    (0029978)
James A. Coutinho     (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, OH 43215
T: 614-221-8500      F: 614-221-5988
whittaker@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for the Plaintiff Christal L. Caudill, Trustee*

9

Exhibit A

Page 1 of 1

| Creditor Name | Transfer Date | Amount | |
|---|---|---|---|
| **PC Infinity LLC** | 6/16/2023 | $ | 7,400.00 |
| | 7/26/2023 | $ | 27,200.00 |
| **Total Preference:** | | **$** | **34,600.00** |